PEOPLE ex rel. SMITH v. MARTIN et al., Police Commissioners.

(Supreme Court, General Term, First Department.    March 15, 1895.)

WITNESS—CORROBORATION—BOOK ENTRIES.
     A witness cannot be corroborated by entries in his own books.

Certiorari by George Smith to review the decision of James J. Martin and others, constituting the board of police commissioners of the city of New York, dismissing relator from the police force. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PARKER, JJ.

Elihu Root, for relator.
Francis L. Wellman, for respondents.

VAN BRUNT, P. J.   Upon the argument of the writ of certiorari in the cases of Capt. Cross and of the relator in this proceeding it was conceded that the testimony as against both relators was of the same character, and that the disposition of the one case would necessarily control the other.   But, in view of the conclusion at which we have arrived in the Case of Cross, 32 N. Y. Supp. 933, it may be necessary to consider some testimony which was offered against both of these parties, but which is only competent as against the relator, Smith.   We refer to the testimony of Rhoda Sanford and that relating to the alleged corroboration of her evidence.   It appears that Rhoda Sanford was a keeper of a house of prostitution at No. 24 Bayard street, and she claims to have paid the relator certain sums of money.   The same course was pursued upon the cross-examination of this witness to prevent the relator from showing the then present whereabouts of Rhoda Sanford, and the influences by which she was surrounded shortly prior to giving her testimony; thus precluding him from having applied the ordinary tests in respect to the weight to be given to the testimony of this witness, who, it is worthy of remark, did not claim to have reformed.   It is to be observed that the invasion of this right tended manifestly to produce injury to the relator, because of the fact that it is admitted that this witness, in her examination before the Lexow Committee, testified deliberately falsely, but it is now claimed that her testimony is correct.   The circumstances causing such change of heart might very well be inquired into, in order that her testimony should be properly weighed.   It was claimed that Rhoda Sanford's testimony was corroborated by the evidence of witnesses showing that she kept a house of prostitution,—about which there was no dispute,—and also by entries in certain alleged books which she claimed to have kept.   The evidence in regard to the fact of the existence of the house of prostitution certainly did not corroborate the witness in respect to the disputed facts.   The alleged books of account were of the most suspicious character, even if they could be considered as evidence in the case at all.   She first commenced keeping the books five or six months before the happening of these events.   There is no evidence that she ever kept books before, and an inspection of the entries therein shows beyond question that they were not an account of all the expenditures of her establishment, neither were they books of account showing the receipts and expenditures which she had made.   An inspection of these entries necessarily renders one suspicious as to the authenticity of more than one of such entries.   The fact that these books were taken away from her some time prior to her examination before the Lexow Committee, and that she had not seen them since, argues but little in favor of their verity.   But we have yet to learn that a witness can be corroborated by the entries in his or her own books. It would be a novel method of manufacturing testimony to allow one's own letters and entries in one's own books to be offered in evidence as corroborating the statement of such witness.   A written memorandum or entry made by a witness at or about the time of the transaction, where such entry is known at the time by the

witness to be correct, may be referred to by him for the purpose of refreshing his memory; and it is only where the witness has no memory in regard to the transaction, but is willing to swear to the truth of the memorandum, and that it was made at or about the time of the occurrence, and that although the witness has no present recollection he or she is confident that it truly related the circumstances, that such a memorandum may be admitted in evidence. In the case at bar it is claimed that the evidence of this discredited witness is to be supported by entries in these books, which it is alleged were her business books,—it appearing that she had never kept any books until just previous to these transactions,—and credit is claimed for her upon this ground. It would be very easy for witnesses to manufacture any desired amount of corroborating evidence, if such a rule were to be adopted. It is apparent that there was no corroboration of the testimony of this witness, and that an inspection of these entries shows that they are suspicious in themselves. The witness was thoroughly discredited, and shown to have no regard for her oath, even aside from her occupation; and, as this was the only additional evidence against Smith, it would seem that her testimony must be rejected, and the same judgment pronounced as in the Case of Cross. The judgment of the police commissioners should be reversed, and the relator reinstated, with costs. All concur.