STEPHENS v. COWEN et al.

(City Court of New York, General Term. December 12, 1899.)

1. APPEAL—REVIEW.

     A verdict on conflicting evidence will not be disturbed where there is sufficient evidence to sustain it.

2. EVIDENCE—BOOKS OF ACCOUNT.

     Entries not shown or known to plaintiff, made in defendant's account books, showing that a sum sent to plaintiff, and which he claimed was on account of legal services to be rendered, was a loan, and not on such account, was properly excluded in a suit for legal services, where the issue was whether the services were rendered to defendant individually or for his client.

Appeal from trial term.

Action by Edward Stephens against Esek Cowen and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

Hardy & Shellabarger, for appellants.

A. G. N. Vermilya, for respondent.

PER CURIAM. The defendants are lawyers; so is the plaintiff. This action is brought for legal services rendered by plaintiff to defendants. It appears that defendants had a case in their office, known as the "Webster Loom Case." It was a somewhat complicated matter, and plaintiff, prior to defendants' retainer, rendered services therein to the attorney who preceded them, and now contends that on or about March 9, 1891, he was engaged by defendants to render further legal services; that, in pursuance of such engagement, services were rendered and disbursements made, for which the jury gave him a verdict for $734.04. The question litigated upon the trial was, "Were the services rendered to defendants individually or as attorneys for their client?" If for the latter, then, of course, defendants were not liable. That question of fact was, in our opinion, correctly submitted to the jury, and decided against them. There is certainly enough evidence to sustain that finding. The plaintiff clearly and distinctly testified that, before he consented to be retained, he said to Judge Cowen, one of the defendants, and speaking of defendants' client: "I have nothing to do with these people. They are your clients, not mine; and I am not going to draw on them. I am employed by you, and I look to your firm for the money." And Judge Cowen's reply was, "That is all right; I will send you the money;" and it is admitted that $200 were sent by defendants' firm to plaintiff. This testimony was contradicted by Judge Cowen, who states that plaintiff agreed, upon the occasion just mentioned, to demand pay for his services only in the event that there was a successful result in "Webster matter"; if unsuccessful, he was to receive

nothing; that the ending was not successful, and under the agree-- ment, of course, he was entitled to nothing. The jury chose to be- lieve plaintiff's version of this question in dispute, as they had a right to do, and we will not interfere with their finding.

The entries made by defendants upon their check stubs and in their private account books, showing that the $200 advanced was a loan to plaintiff, and not on account of services about to be rendered, and not known or shown to plaintiff, were properly excluded. Mills v. McMullen (Sup.) 38 N. Y. Supp. 705; In re Smith, 85 Hun, 359, 32: N. Y. Supp. 943.

The judgment must be affirmed, with costs.